# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

| | |
|---|---|
| Nicholas Blount, Kalianne McIntire, Mazel Huyler, Shaquanette Johnson, James Haddaway, Brittany Lewis, Felicia Tucker, Latisha Dixon, Kenneth Miller, Sherman Wolfe, John Pagliarulo, Temeica Young, Rachelle Silva, Josh Britt, Tamra David, | Case No. 8:15-cv-01309-MSS-TGW<br><br>Honorable Mary S. Scriven |
| Plaintiff, | |
| v. | **PLAINTIFFS' MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT** |
| Credit Protection Association, LP | |
| Defendant. / | |

Plaintiffs, by and through their attorneys, Hyslip & Taylor, LLC, LPA, and pursuant to Rule 15 of the Federal Rules of Civil Procedure, respectfully move the Court to enter an order granting Plaintiffs leave to file a first amended complaint. In support of this motion, Plaintiffs state:

## I.     RULE 3.01(g) CERTIFICATION

Pursuant to Local Rule 3.01(g), Plaintiffs' counsel has conferred with counsel for Defendant, Credit Protection Association, LP ("CPA" or "Defendant"), regarding this motion. At this time, CPA is unable to state

whether it opposes this motion because it first wants an opportunity to review Plaintiffs' proposed first amended complaint. In accordance with Local Rule 3.01, Plaintiffs will supplement this certification as soon as CPA advises Plaintiffs' counsel of CPA's position.

## II. INTRODUCTION

Plaintiffs seek a modification of the Scheduling Order in order to file a first amended complaint that is tailored to the evidence gathered through discovery in this case and to add claims against CPA under the Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. § 559.55, *et seq*.

The evidence gathered through discovery has revealed that CPA's policies and procedures for processing data it receives from creditors on whose behalf CPA collects debts has resulted in the widespread practice of robocalling individuals who were not associated with the accounts CPA was attempting to collect and who never consented to be called by the original creditor or CPA. For that reason, Plaintiffs believe they are entitled to the punitive damages relief afforded by the FCCPA. Plaintiffs' allegations that CPA violated the FCCPA are virtually the same as Plaintiffs' allegations that CPA violated the FDCPA.

### III. <u>PROCEDURAL HISTORY</u>

On June 1, 2015, Plaintiffs filed a complaint in which they joined their claims against CPA pursuant to Rule 20 of the Federal Rules of Civil Procedure. Each Plaintiff alleges that CPA violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, and the TCPA.

The Court entered an order modifying the corrected docket control order [Doc. 14] on October 15, 2016 (the "Scheduling Order"). Plaintiffs have filed a motion to modify scheduling order contemporaneously with this motion for leave to file first amended complaint. The procedural history of this case, which Plaintiffs argue supports their motion to modify scheduling order, is detailed in that motion and will not be restated here. Instead, Plaintiffs will focus on factors that they maintain support the granting of this motion for leave to file first amended complaint.

On January 20, 2016, CPA served its objections and responses to Plaintiffs' interrogatories and requests for production of documents. Shortly thereafter, CPA produced documents and call recordings responsive to Plaintiffs' discovery requests. This was the first occasion that CPA had provided details from its records regarding CPA's calls to each Plaintiff. CPA's records reveal that CPA's policies and procedures for processing data it

receives from creditors on whose behalf CPA collects debts has resulted in the widespread practice of robocalling individuals who never had an account with those creditors and who never consented to be called by the creditor or CPA. For that reason, Plaintiffs believe CPA should be subjected to the punitive damages relief afforded by the FCCPA.

Upon receipt of CPA's written discovery responses, Plaintiffs' counsel immediately requested a conference call for the purpose of discussing CPA's objections and responses to Plaintiffs' written discovery requests. That conference call took place on February 4, 2016. Thereafter, on February 8, 2016, Plaintiffs' counsel confirmed the supplemental discovery he was requesting from CPA. Recently, on February 19, 2016, the parties held a conference call in which they agreed upon the supplemental discovery CPA will provide. To date, CPA has not yet provided that supplemental discovery.

In addition, on January 29, 2016, Plaintiffs filed a motion to modify the Scheduling Order to provide Plaintiffs with additional time to decide whether they wished to amend their complaint and/or add parties to this action. This Court denied that motion without prejudice on February 3, 2016 [Doc. 17]. In denying Plaintiffs' motion, this Court stated, "Because Plaintiffs have only represented that they *might* later intend to file a motion to amend their

complaint or to add parties, the Court finds that Plaintiffs' request to extend that deadline, even though unopposed, is due to be denied as premature." (Doc. 17, pp. 1-2) (emphasis included).

Following the Court's February 3, 2016 Order, Plaintiffs' counsel has undertaken to review the voluminous documents produced by CPA and has participated in a conference call with Defendant's counsel in an effort to gain a better understanding of those documents. Plaintiffs' counsel has also provided CPA's counsel with a detailed summary of what he believes CPA's documents and other evidence show and an updated settlement demand based on that evidence. Plaintiffs' counsel has also participated in a conference call with Defendant's counsel relative to this motion in accordance with Local Rule 3.01.

Based on the above, Plaintiffs assert that justice requires that they be granted leave to file a first amended complaint that (a) is tailored to the evidence gathered through discovery and (b) allows Plaintiff to seek punitive damages under the FCCPA based on CPA's widespread robocalling of individuals who did not owe the debts CPA was attempting to collect and never consented to be called. Plaintiffs' allegations that CPA violated the FCCPA will be substantively the same as Plaintiffs' allegations that CPA violated the FDCPA.

### III. LEGAL STANDARD

The Eleventh Circuit has stated:

> Resolving a plaintiff's motion to amend is "committed to the sound discretion of the district court," but that discretion "is strictly circumscribed" by Rule 15(a)(2) of the Federal Rules of Civil Procedure, which instructs that leave to amend should be "freely give[n] when justice so requires." *Gramegna v. Johnson*, 846 F.2d 675, 678 (11th Cir. 1988)

*City of Miami v. Wells Fargo & Co.*, 801 F.3d 1258, 1267 (11th Cir. 2015).

### IV. ANALYSIS

In this case, Plaintiffs prudently waited until after they had conducted initial discovery before seeking leave to amend the complaint. As demonstrated in the motion to modify scheduling order, Plaintiffs' counsel has been diligent in seeking discovery from CPA. Moreover, upon receiving CPA's discovery responses and voluminous documentation, Plaintiffs' counsel immediately undertook to review that discovery, discuss it with CPA's counsel, and seek leave to modify the scheduling order so that Plaintiffs could seek leave to file a first amended complaint.

Based on the above, Plaintiffs assert that they should be granted leave to file a first amended complaint because, in accordance with Rule 15, justice so requires. The first amended complaint will be tailored to the evidence produced in this case and will seek punitive damages under the FCCPA. Such relief is

appropriate given CPA's widespread practice of robocalling individuals who did not owe the debts CPA was attempting to collect and never consented to be called. Plaintiffs' allegations that CPA violated the FCCPA will be substantively the same as Plaintiffs' allegations that CPA violated the FDCPA, so CPA will not be surprised or prejudiced by these allegations of misconduct.

A copy of Plaintiffs' proposed first amended complaint is being submitted with this motion as "Exhibit A."

## V. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully ask the Court to (i) find that the interests of justice require that Plaintiffs be granted leave to file a first amended complaint, and (ii) enter an order (a) granting this motion, and (b) granting Plaintiffs leave to file a first amended complaint within a reasonable time period following the Court's order.

**[SIGNATURE ON FOLLOWING PAGE]**

RESPECTFULLY SUBMITTED,

Hyslip & Taylor, LLC, LPA

| | |
|---|---|
| Date: March 1, 2016 | By:   /s/ David M. Menditto   <br>*One of Plaintiffs' Attorneys* |
| *Of Counsel* <br>H. Karen Gatto, Esq. <br>Florida Bar No. 0190527 <br>Hyslip & Taylor, LLC, LPA <br>8270 Woodland Center Blvd. <br>Tampa, FL 33614 <br>(P) 800-675-5507 <br>(E) Kgatto@gattolaw.com | *Pro Hac Vice Counsel* <br>David M. Menditto, Esq. <br>Illinois Bar No. 6216541 <br>Hyslip & Taylor, LLC, LPA <br>1100 W. Cermak Rd., Suite B410 <br>Chicago, IL  60608 <br>(P) (312) 380-6110 <br>(F) (312) 361-3509 <br>(E) davidm@fairdebt411.com |

## CERTIFICATE OF SERVICE

I, the undersigned attorney, certify that on March 1, 2016, I filed a copy of Plaintiff's Motion for Leave to File First Amended Complaint through the Court's CM/ECF system, which will effect service upon the following counsel of record:

Burke G. Lopez
Ruel W. Smith
Hinshaw & Culbertson LLP
100 South Ashley Drive, Suite 500
Tampa, FL 33602
blopez@hinshawlaw.com
rsmith@hinshawlaw.com

    /s/ David M. Menditto