# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**NICHOLAS BLOUNT, KALIANNE MCINTIRE, MAZEL HUYLER, SHAQUANETTE JOHNSON, JAMES HADDAWAY, BRITTANY LEWIS, FELICIA TUCKER, NORMAN WILLIAMS, DANIELLE SHEAROD, MATTHEW FABRIZIO, TIFFANY HALL, and YOSHIKA FRANKLIN,**

    **Plaintiffs,**

v.                                             **Case No: 8:15-cv-1309-T-35TGW**

**CREDIT PROTECTION ASSOCIATION, LP,**

    **Defendant.**
_____/

## ORDER

**THIS CAUSE** comes before the Court for consideration of the Motion for Leave to File First Amended Complaint (Dkt. 19) filed by Plaintiffs, and the Response in opposition thereto (Dkt. 27) filed by Defendant, Credit Protection Association, LP ("CPA"). Upon consideration of all relevant filings, case law, and being otherwise fully advised, the Court **GRANTS** Plaintiff's Motion for Leave to File First Amended Complaint. (Dkt. 19)

### I.   BACKGROUND

On June 1, 2015, Plaintiffs filed their Complaint in this action, joining their individual claims against Defendant CPA. (Dkt. 1) In the Complaint, each Plaintiff alleges that CPA violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. (Id.) On

October 15, 2015, the Court entered its Case Management and Scheduling Order in this case, imposing a November 30, 2015 deadline for filing a motion to amend the pleadings or to join or add parties. (Dkt. 14)

On January 29, 2016, Plaintiffs filed a motion requesting that the deadline to amend the complaint be extended so that they would have additional time to review newly-received discovery and determine whether they would move to amend their complaint to name additional party-defendants. (Dkt. 16) CPA did not oppose Plaintiff's request. (Id.) On February 3, 2016, the Court denied Plaintiff's motion without prejudice, stating: "Because Plaintiffs have only represented that they *might* later intend to file a motion to amend their complaint or to add parties, the Court finds that Plaintiffs' request to extend that deadline, even though unopposed, is due to be denied as premature." (Dkt. 17 at P. 1-2)

On March 1, 2016, Plaintiffs filed the instant Motion seeking leave to file an amended complaint. (Dkt. 19) CPA opposes the relief requested. (Dkt. 27)

**II.     STANDARD OF REVIEW**

When a party seeks leave to amend its pleadings after the deadline designated in the scheduling order, Rule 16 of the Federal Rules of Civil Procedure governs. Sosa v. Airprint Sys, Inc., 133 F.3d 1417, 1419 (11th Cir. 1998). Rule 16(b) requires a showing of good cause to deviate from the deadline set in the scheduling order. Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."). In demonstrating good cause, the moving party must establish that the "scheduling deadlines [could] not be met despite a party's diligent efforts." Sosa, 133 F.3d at 1419. Once good cause is shown, the court may then consider whether leave

should be granted under Rule 15.  Id. ("If we considered only Rule 15(a) without regard to Rule 16(b), we would render scheduling orders meaningless and effectively would read Rule 16(b) and its good cause requirement out of the Federal Rules of Civil Procedure").

### III. DISCUSSION

Plaintiffs seek leave to file an amended complaint to add individual claims on behalf of each Plaintiff for CPA's alleged violations of the Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. § 559.55, *et seq.*[1]   In support thereof, Plaintiffs state:

> The evidence gathered through discovery has revealed that CPA's policies and procedures for processing data it receives from creditors on whose behalf CPA collects debts has resulted in the *widespread* practice of robocalling individuals who were not associated with the accounts CPA was attempting to collect and who never consented to be called by the original creditor or CPA.  For that reason, Plaintiffs believe they are entitled to the punitive damages relief afforded by the FCCPA.

(Dkt. 19 at P. 2 (emphasis added))

Plaintiffs' Motion establishes that they have uncovered new information regarding the *extent* of CPA's allegedly unlawful practices through recently-produced discovery. The Court finds that this new information constitutes "good cause" under Rule 16(b)(4) to support Plaintiffs' request to amend their Complaint after the Court-ordered deadline. The Court also finds that leave to amend should be granted under Rule 15, which states that "[t]he court should freely give leave when justice so requires."  Fed. R. Civ. P.

---

[1] The FDCPA and the FCCPA are both statutes enacted for the protection of consumers from abusive collection activities.  LeBlanc v. Unifund CCR Partners, 601 F.3d 1185, 1190-92 (11th Cir. 2010).  The FDCPA does not preempt state laws like the FCCPA, except to the extent that the state law is inconsistent with the FDCPA.  15 U.S.C. § 1692n.  Accordingly, plaintiffs may be entitled to recover under both the FDCPA and the FCCPA in a single action for the same conduct.  Unlike the FDCPA, the FCCPA provides for the recovery of punitive damages.  See Fla. Stat. § 559.77(2).

15(a)(2); see also Halliburton & Assoc., Inc. v. Henderson, Few & Co., 774 F.2d 441, 443 (11th Cir. 1985) ("the rule contemplates that leave [to amend] shall be granted unless there is a substantial reason to deny it . . . . Permission may be denied where leave would cause undue delay or prejudice to the opposing party, where prior amendments have failed to cure deficiencies, or if the motive of the amendment is dilatory."). Contrary to CPA's argument, Plaintiffs have not be dilatory in seeking leave. Plaintiffs moved to amend their Complaint shortly after receiving and reviewing the newly-produced discovery. Accordingly, the Court finds that Plaintiffs should be entitled to file an amended complaint that is tailored to the evidence they claim to have gathered through discovery. The Court also finds that no harm will result from allowing Plaintiffs to include the other limited additional changes challenged by CPA.

### IV.     CONCLUSION

In accordance with the foregoing, it is hereby **ORDERED** that Plaintiffs' Motion for Leave to File First Amended Complaint (Dkt. 19) is **GRANTED**. Plaintiffs shall have **fourteen (14) days** from the date of this Order to file their First Amended Complaint.

**DONE** and **ORDERED** in Tampa, Florida, this 25th day of May, 2016.

**Copies furnished to:**
Counsel of Record
Any Unrepresented Person

/s/ Mary S. Scriven
MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE